# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Mark D. Montgomery

**Case Number:** 05-10930

### Document Information

**Description:** Order Granting [60-1] Motion For Relief From Stay As To Order dismissing Debtor's case and/or Motion to extend deadlines for filing plan by Mark D. Montgomery .

**Received on:** 2006-05-10 14:00:08.000

**Date Filed:** 2006-05-10 00:00:00.000

**Date Entered On Docket:** 2006-05-10 00:00:00.000

### Filer Information

**Submitted By:** James Burke

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

In re:
Mark D. Montgomery,
    Debtor.                                             No. 13 - 05-10930 - SL

## ORDER GRANTING MOTION TO (RECONSIDER) REOPEN CASE
## ON THE BASIS OF EXCUSABLE NEGLECT

On March 27, 2006, the Court entered an order dismissing this chapter 13 case due to Debtor's failure to timely file a chapter 13 plan. Doc 58. The Debtor filed his Motion for Relief from Order Dismissing Debtor's Case Entered March 28 [sic], 2006 and/or Motion to Extend Deadlines for Filing Plan of Reorganization (doc 60) ("Motion") on April 6, 2006. The Motion came before the Court for a preliminary hearing on April 24, 2006, and for a final hearing on May 8, 2006. At the preliminary hearing the Court granted the Motion insofar as the Court agreed to consider again the merits of its dismissal of the chapter 13 case. Having heard the presentations of counsel[1] at the final hearing, the Court grants the Motion, setting aside the order of dismissal and reopening the case.

**Background**

---

[1] The Chapter 13 Trustee had been excused from further participation in the hearings at her request. The Hendersons, having been forced to file their own chapter 7 case, negotiated with their trustee to reacquire the claim against Debtor Montgomery. In consequence, by the time of the final hearing, only Debtor's counsel and the Hendersons' counsel were left contesting the matter.

Debtor commenced this case by filing a chapter 7 petition on February 10, 2005. The Hendersons sought to dismiss the case, and also filed a non-dischargeability action against the Debtor in connection with the contract to remodel their house and a guilty plea by Debtor to a charge of contracting without a contractor's license. On October 10, 2005, Debtor moved to convert his case to one under chapter 13 (doc 27), which motion was granted on November 3, 2005 (doc 30). Debtor's chapter 13 plan was therefore due, absent an extension of time, on Friday, November 18, pursuant to Fed.R.Bankr.P. 3015(b). Taking into account this Court's "drop box rule", NM LBR 5005-1 and Order Adopting Guidelines for Attorney Filing by Electronic Transmission, Misc. No. 99-359 (Aug. 18, 1999), applicable to all filings unless otherwise ordered by the Court, the last moment for filing the plan timely was Monday, November 21, at 7.59 a.m. The plan was instead received the next day, Tuesday, November 22, at 2.53.07 p.m.

On December 8, the Hendersons filed their objection to the plan, which included a request to dismiss the plan as untimely filed. Doc 40. The motion to dismiss was separately docketed (doc 42), even though it was part of the single document which constituted among other things the plan objection. On the same day, the Hendersons noticed out a twenty-day objection period (doc 44), exactly as permitted and required by NM LBR 9013-1(c).

The notice stated in part that "[i]f objections are timely filed, a hearing to consider them will be held on short notice to the movant and any objecting party." Debtor objected to the motion to dismiss on January 5, 2006, saying "Said error was harmless and it did not prejudice any of the creditors." Doc 53. No hearing specifically on the motion to dismiss was ever requested, scheduled or noticed out (presumably because by this time the chapter 7 trustee had taken responsibility for pursuing the claim objection, which would have included the motion to dismiss).

In the meantime, on December 27, 2005, the Henderson's chapter 7 trustee filed an entry of appearance (doc 49) and a "transfer" of the Hendersons' claim to himself as trustee in their chapter 7 case (No. 7-05-21369ML), copying Debtor's counsel on both documents. The Hendersons had filed their chapter 7 petition on October 14, 2005. The Hendersons' trustee did not file anything specifically in respect of the Henderson's motion to dismiss; at the March 21, 2006 preliminary hearing he stated for the first time that he would pursue the motion to dismiss.

The Chapter 13 Trustee had also objected to the plan (doc 45). As he is required to do by NM LBR 3015-3, Debtor's counsel sent out (albeit belatedly) a preliminary hearing notice on those objections (doc 55) on February 28, 2006, noticing March 21, 2006 as the date for the preliminary hearing. Oddly enough in this case, on March 14, 2006, the <u>Hendersons'</u> chapter 7 trustee filed

Page -3-

and sent out an amended notice, changing the time of the preliminary hearing (doc 56), and the preliminary hearing took place on March 21 at 1.30 p.m. Doc 57 (minutes). Neither notice mentioned the Henderson's motion to dismiss or Debtor's response thereto. At the hearing, the Court noted that the plan had been filed later than the fifteen days after the conversion of the case, and dismissed the case. The Debtor then timely filed the Motion.

Debtor correctly argued that the notice of the preliminary hearing, at which the Court granted the Hendersons' motion to dismiss, did not notice the motion to dismiss as one of the subjects of the preliminary hearing. For this reason the Court orally granted the preliminary relief requested in the Motion immediately.

In the Motion, and at both hearings, Debtor's counsel explained that while he had been aware of Rule 3015 of the Fed.R.Bankr.P, during the middle weeks of November 2005 he was extraordinarily busy with a multitude of section 341 meetings required by the tidal wave of filings that preceded October 17, 2005, the effective date of most of the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").

Debtor's counsel also explained that he was unaware of this Court's repeated previous rulings in late filed cases, in which

almost never did the Court not dismiss the case.  Counsel pointed out that the Court's "hard and fast rule of dismissing a case if the Debtor is late filing a plan of reorganization," Motion, at 4, is not published anywhere within the local rules, the Clerk's Practice and Procedure Guide, or this Court's homepage.  Putting aside Counsel's characterization of the Court's "hard and fast" dismissal rule, it is true that nowhere on the Court's homepage or in the local rules is there any such explanation or summary.  And Counsel is undoubtedly also correct that not being able to regularly attend hearings in person, Counsel is deprived of the opportunity to sit through many of the Court sessions and accumulate thereby a body of knowledge about how the Court rules on many different issues, reacts to certain arguments or situations, and otherwise conducts hearings and makes decisions.

   Debtor's counsel also pointed out that when the Hendersons filed their objection and motion to dismiss they did not legally "own" the claim, having filed their bankruptcy petition on October 14, 2005.  And Debtor, who lived in Alamogordo at the time (and still does, when he is not on the road as a truck driver), had no personal transportation, so that he was unable to reach his counsel's office until Monday, November 21.[2]  Finally,

---

[2] Counsel maintains an office in Las Cruces, New Mexico, and also meets with clients in Roswell, New Mexico.  Pursuant to Fed.R.Evid. 201 after consulting Google's map function, the Court takes judicial notice of the adjudicative facts that Alamogordo
(continued...)

Debtor argues that the impact on the administration of the estate and on the creditors will be minimal, whereas the impact on him will be massive, given that if he must refile, it will be under the provisions of BAPCPA, which provides in part that § 523(a)(2)(A) claims are no longer dischargeable in a chapter 13 case. § 1328(a)(2) (as amended 2005). These facts were essentially uncontested and thus are the basis for whatever decision the Court makes. Debtor's counsel cited Rule 9006(b)(1)(2)[3] and <u>Pioneer Inv. Services Co. V. Brunswick Assocs.</u>

---

[2](...continued)
is 68 miles from Las Cruces and 117 miles from Roswell. The Court suspects strongly that there is bus service among the three cities, and thus the Debtor's inability to get to his counsel's office sooner was relative.

[3] Rule 9006(b) provides as follows:
"(b) Enlargement
"(1) In general
"Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.
"(2) Enlargement not permitted
"The court may not enlarge the time for taking action under Rules 1007(d), 2003(a) and (d), 7052, 9023, and 9024.
"(3) Enlargement limited
"The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules."

Case 05-10930-s13    Doc 64    Filed 05/10/06    Entered 05/10/06 15:29:00 Page 7 of 12

Ltd. Partnership, 507 U.S. 380 (1993) as the legal authority that allows this Court to grant the Motion.

**Analysis**

The Court has been faced numerous times with making the decision to dismiss a chapter 13 case for the failure to file a plan timely pursuant to Rule 3015. In virtually every case the Court dismissed, on the basis that the deadline was clear and that Rule 3015 was part of a strong Congressional policy to move chapter 13 cases along briskly. The Court never permitted other factors to come into play, such as the relative prejudice to the various parties. The standard essentially was whether the failure to file timely was excusable in some way; if it was not sufficiently excusable (e.g., ignorance of the rule was not considered sufficiently excusable), the case was dismissed, regardless of other considerations.

Simplistically speaking, this was the interpretation of Rule 9006(b)(1)(2) espoused by Justice O'Connor in Pioneer, writing for the dissenters.

> Consequently, until the reason for the omission is determined to be sufficiently blameless, the consequences of the failure, such as the effect on the parties or the impact on the judicial system, are not relevant.

Id., at 400. (Citations omitted.) And that interpretation is what the language of the rule would seem to command.

However, that is not how the majority interpreted the rule, and of course that is what the Court is, and should have been in previous cases, bound by. Instead, <u>Pioneer</u> established an equitable balancing test, as follows:

> [T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

<u>Id.</u>, at 395. (Citation and footnotes omitted.) The court went on to add that a party is also bound by its counsel's acts and omissions. <u>Id.</u>, at 396-97. Based on this view, the court held that "the lack of any prejudice to the debtor or to the interests of efficient judicial administration, combined with the good faith of respondents and their counsel, weigh strongly in favor of permitting the tardy claim." <u>Id.</u>, at 398.

Applying <u>Pioneer</u> to this case, facts that stand out are that the filing of the plan was minimally late, there would be virtually no adverse impact on the administration of the chapter 13 case (but for the time that it has taken to reconsider and set aside the Court's initial incorrect decision, for which the Debtor should not suffer), the adverse impact on the Debtor of dismissing the case would be enormous, the adverse impact on the creditors is minimal and even beneficial by allowing the case to

Page -8-

go forward and provide some payment to them (other than the Hendersons, of course, who would gain something of a "windfall" benefit by the dismissal of the case), and Debtor and his counsel were unquestionably acting in good faith.

On the other hand, the delay was clearly within Debtor's counsel's control; he was aware of the deadline and all he had to do was timely file a precautionary motion for an extension of time as provided by Rule 9006(b)(1)(1), and thereby protect his client. This he did not do, in what clearly amounted to some degree of indifference. (Given the circumstances, the Court finds that the degree of indifference was small.) But a limited degree of indifference was precisely what constituted excusable neglect in Pioneer: "The [bankruptcy] court also found that respondents' counsel was negligent in missing the bar date and, to a degree, indifferent to it." Id., at 386. (Citation to record and internal punctuation omitted.)

The facts in Pioneer differ from those in this case, of course; that case dealt with a late-filed claim in a chapter 11 case. And the Pioneer majority took into account the history of chapter 11 treatment of claims which, according to the majority, de-emphasized prompt disposition of claims and emphasized assurance of payment to those entitled to that. Id., at 389-91. That does not appear to be the prevailing philosophy of chapter 13 cases, in which getting the plan promptly implemented is

critical. (This would seem to be even more the case with claim filings.) Nevertheless, there is no reason not to apply the Court's interpretation of Rule 9006(b) to the facts of this or any case in which Rule 9006(b) comes into play, although obviously the circumstances of each case will dictate the outcome. And given the relative small degree of Counsel's indifference, the massive adverse impact of dismissal on the Debtor and the quite slight adverse impact on everyone else, the Court must in these circumstances find "excusable neglect" as required under Rule 9006(b)(1)(2).

**Conclusion and Order**

Under the equitable balancing test mandated by <u>Pioneer Inv. Services Co. V. Brunswick Assocs. Ltd. Partnership</u>, 507 U.S. 380, the Court finds and concludes that the Motion for Relief from Order Dismissing Debtor's Case Entered March 28 [sic], 2006 and/or Motion to Extend Deadlines for Filing Plan of Reorganization (doc 60) should be, and hereby is, granted. It is further Ordered that the Order Dismissing Case (doc. 58) is set aside. This case shall be set for a preliminary hearing on the Debtor's plan at 11.00 a.m. (MDT) on Tuesday, May 16, 2006.

                                  Honorable James S. Starzynski
                                  United States Bankruptcy Judge

I hereby certify that on May 10, 2006, a true and correct copy of
the foregoing was electronically transmitted, faxed, delivered,
or mailed to the listed counsel and/or parties.

R Trey Arvizu, III
PO Box 1479
Las Cruces, NM 88004-1479

Ronald E Holmes
112 Edith Blvd NE
Albuquerque, NM 87102-3524

Kelley L. Skehen
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102-3111

Kieran F. Ryan
c/o Atty Kieran F. Ryan
PO Box 26
Las Cruces, NM 88004

*/s/ James E. Burke*